IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| Plaintiff | * |
| v. | * Case Number: 2:24-cv-144 |
| CITY OF BRUNSWICK, GEORGIA, | * |
| Defendant | * |

**DEFENDANT'S UNOPPOSED MOTION TO STAY DISCOVERY
PENDING RESOLUTION OF MOTION TO DISMISS**

COMES NOW the City of Brunswick, Georgia, Defendant in the above-styled action, and moves the Court to stay this action, including all discovery, until such time as the Court rules on Defendant's pending motion to dismiss. Defendant is authorized to state that Plaintiff does not oppose this motion.

Rule 26(d) of the Federal Rules of Civil Procedure provides courts broad discretion to alter the sequence of discovery "for the convenience of the parties . . . and in the interests of justice." Fed. R. Civ. P. 26(d). *See also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1558 (11th Cir. 1985) (holding that court has "broad discretion to stay discovery until the district court rules on a pending dispositive motion"); 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 2008 (2d ed. 1994) ("The court may wish to issue a protective order postponing discovery on a particular subject until legal attacks on the sufficiency of the matter have been determined.").

Where a dispositive motion would eliminate the need for a significant amount of discovery if it were granted, it is proper for the trial court to prevent any discovery from proceeding before it rules on the motion:

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. [cit.] Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion. [cit.] . . . when faced with a motion to dismiss a claim for relief that significantly enlarges the scope of discovery, the district court should rule on the motion before entering discovery orders, if possible.

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) (holding that trial court abused its discretion by allowing discovery on fraud claim while motion to dismiss that claim was pending). *See also Horsley v. Feldt*, 304 F.3d 1125, 1131 n. 2 (11th Cir. 2002) (holding that suspension of discovery was not an abuse of discretion "because the defendants' motions for judgment on the pleadings are challenges to the legal sufficiency of [plaintiff's] complaint that present a purely legal question [and] [f]or that reason, there was no need for discovery before the district court ruled on those motions.").

Courts in the Eleventh Circuit have consistently granted motions to stay where the "resolution on the pending motion to dismiss may extinguish *some or all* of the claims … potentially restricting the scope of discovery significantly." *See Power v. Williams*, 2010 U.S. Dist. LEXIS 15294 (M.D. Fla. 2010) (granting request to stay

discovery pending the resolution of defendant's Motion to Dismiss) (emphasis supplied); *United States v. Real Prop.*, 2009 U.S. Dist. LEXIS 53997 (S.D. Ga. 2009) (same); *White v. Georgia*, 2007 U.S. Dist. LEXIS 79290 (N.D. Ga. 2007) (same). This relief includes staying the requirements of conducting a Rule 26(f) conference pending a ruling on a dispositive motion. *See Dawson v. Piggott*, 2010 U.S. Dist. LEXIS 93830 (S.D. Ala. 2010) (granting motion to stay Rule 26(f) conference pending ruling on Motion to Dismiss). Indeed, the authority to issue a stay is appropriate pursuant to both Rule 26 of the Federal Rules of Civil Procedure and the inherent power given to the courts to manage cases. *See* Fed. R. Civ. P. 26(b)(1) (recognizing that the scope of discovery may be "limited by court order"); *Clinton v. Jones*, 520 U.S. 681, 706, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

Defendant has moved for dismissal of all claims asserted against it in Plaintiff's complaint. The granting of a motion to stay may thus eliminate the need for significant discovery in this case, as any contemplated discovery relates to a claim or claims potentially subject to dismissal. The claims which Defendant seeks to have dismissed are ones that "significantly enlarge[] the scope of discovery," and discovery should not be permitted to proceed until the parties can assess what claims remain after a ruling on Defendant's motions to dismiss. *Chudasama*, 123 F.3d at 1368.

Respectfully submitted, this fourth day of March, 2025.

/s/ Richard K. Strickland
Richard K. Strickland
Georgia Bar No. 687830

/s/ Emily R. Hancock
Emily R. Hancock
Georgia Bar No. 115145
BROWN, READDICK, BUMGARTNER,
CARTER, STRICKLAND & WATKINS, LLP
5 Glynn Avenue (31520)
Post Office Box 220
Brunswick, GA 31521
(912) 264-8544
(912) 264-9667 FAX
rstrickland@brbcsw.com
ehancock@brbcsw.com

**ATTORNEYS FOR DEFENDANT**