IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | * |
| Plaintiff | * |
| | * |
| v. | * Case Number: 2:24-cv-144 |
| | * |
| CITY OF BRUNSWICK, GEORGIA, | * |
| | * |
| Defendant | * |

**DEFENDANT'S REPLY BRIEF IN SUPPORT
OF ITS MOTION TO DISMISS**

COMES NOW the City of Brunswick, Georgia, Defendant in the above-styled action, and files this reply brief in support of its motion to dismiss, showing the Court the following:

**Introduction**

In response to the City of Brunswick's motion to dismiss, the United States attempts to reframe the City's pending state-court nuisance action as a zoning dispute under the Religious Land Use and Institutionalized Persons Act (RLUIPA). This approach stretches RLUIPA beyond its statutory reach and invites unnecessary federal interference in a state court proceeding. The interests the United States seeks to vindicate in this action are already before the state court in the nuisance action, and principles of equity and comity thus dictate that the Court should decline to exercise jurisdiction over the government's claims. Even if the Court did elect to exercise jurisdiction over this case, the complaint does not state a claim under RLUIPA. The

nuisance action underlying this case is not a "zoning or landmarking law," and the United States has not pleaded facts sufficient to support a finding that the City has attempted to "substantially burden" religious exercise. For each of these reasons, dismissal is warranted.

## Argument and Citation of Authority

### I. *Principles of equity and comity support dismissal.*

The United States mischaracterizes the City's argument as one that "the Anti-Injunction Act [] bars this Court" from granting an injunction in this case. Dkt. 15, p. 6. As the City acknowledged in its principal brief, the United States is not categorically barred by the Anti-Injunction Act from bringing a claim that implicates state court proceedings. Dkt. 10, pp. 5-6. Nor, however, are such claims categorically – or even presumptively – entitled to go forward. Rather, general principles of equity and comity require a case-by-case analysis to evaluate whether the United States may properly seek to enjoin state proceedings in a given action. *Leiter Minerals, Inc. v. United States*, 352 U.S. 220, 228 (1957) (evaluating whether lower court "properly exercised its jurisdiction when it elected to entertain the suit in the federal court and to prevent the effectuation of state court proceedings.") (punctuation omitted).

The *Leiter Minerals* Court made clear that the core question, in evaluating attempts by the United States to enjoin state proceedings, is whether the United States is attempting to protect a substantial federal interest that *cannot be vindicated in ongoing state court proceedings*. 352 U.S. at 228. Here, the relevant issues – including RLUIPA

claims – are already before the state court via the counterclaims filed by Southeastern Educational Services, Inc., the operator of the Well. The United States argues that it has a "unique role advancing the public interest" that is "distinct from the individual interest of any private, faith-based organization," and suggests that its own interests cannot be litigated in the state nuisance action. Dkt. 15, p. 8. But the sole authority cited in support of this position is a case from the Eastern District of Michigan in which the court's substantive standing analysis related to the standing of the private defendant, not the government. *United States v. City of Troy,* 592 F. Supp. 3d 591, 603 (E.D. Mich. 2022). Moreover, that case did not involve a pre-existing state court action addressing the same issues, and issues of equity and comity thus were not before the court. *Id.*

The United States has not pointed to statutory, constitutional, or case law supporting its argument that it has a unique and independent interest in the enforcement of RLUIPA under the alleged facts of this case. The specifics and parameters of this purported interest are not identified. And given that there is no authority identifying the nature of this interest, there is certainly no authority suggesting that any such interest is sufficient to override the principles of equity and comity at play when the same alleged RLUIPA violation is already the subject of a state court proceeding.

Finally, the United States is correct that its non-defensive posture does not, alone, preclude it from proceeding in federal court. Dkt. 15, p. 10. However, the Supreme Court has made clear that this is a factor that favors the federal court declining to

exercise jurisdiction – and the United States does not dispute that this factor cuts against it. *Leiter Mins., Inc. v. United States*, 352 U.S. 220, 228, 77 S. Ct. 287, 292, 1 L. Ed. 2d 267 (1957) (holding that where underlying state action was brought by private plaintiff seeking to quiet title against the United States, position of the United States in federal action seeking to enjoin the state case was "essentially a defensive one" and the government was thus entitled to some deference with respect to its choice of forum). Nor has the United States shown that any of the other factors identified by the City in its principal brief warrant the use of the Court's discretion to exercise jurisdiction in this case.

The related state court action was initiated before this federal case. The alleged RLUIPA violations raised by the United States in its complaint are substantively identical to those already raised in a counterclaim in the state-court action. The United States is not in a defensive posture in this case, and it has not shown that it has some unique interest that cannot be adjudicated in the state case. Granting the relief requested by the United States would disrupt the orderly functioning of the state court system and risk undermining the legitimate authority of state courts to adjudicate matters of local health, safety, and welfare. Consequently, the Court should decline to exercise jurisdiction over this action.

## II.     *The City's nuisance action is not a land use regulation under RLUIPA.*

The United States devotes much of its brief to portraying the City's nuisance lawsuit as a veiled zoning enforcement action. That theory is both factually and legally inaccurate. As explained by the City in its principal brief, the nuisance action arises from complaints by residents and business owners about persistent criminal activity and disruptive behavior in and around the Well – not from zoning code violations.

Again, RLUIPA applies only to the "imposition or implementation of a land use regulation," defined as a "zoning or landmarking law… that limits or restricts a claimant's use or development of land." 42 U.S.C. § 2000cc-5(5). The City's nuisance complaint, which is incorporated by reference into the pleadings, does not rely on zoning violations or seek relief under any zoning ordinance. While the complaint makes incidental references to the zoning designation of the Well's property, it does not allege that the facility is operating unlawfully under the zoning code. Rather, it asserts that the operation, regardless of its legality, constitutes a public nuisance under Georgia law. *See Life for God's Stray Animals, Inc. v. New N. Rockdale Cnty. Homeowners Ass'n*, 253 Ga. 551, 553 (1984) (lawful operation can constitute a nuisance if it causes harm or offense to neighboring properties).

The United States urges the court to "look holistically" in seeking to "determine whether the restriction at issue is a 'land use regulation' falling under RLUIPA." Dkt. 15, p. 11. But "look holistically" at what? It is true that other courts have held that it is appropriate to consider "the functional application *of a law* rather than its abstract,

formalistic classification when deciding whether it a 'zoning law' for RLUIPA purposes." *Id.*, quoting *United States v. Cnty. of Culpeper, Va.*, 245 F. Supp. 3d 758, 768 (W.D. Va. 2017) (emphasis supplied). Indeed, each of the cases cited by the United States involved the application, and subsequent evaluation, of a discrete law. *See, e.g., Id.* (evaluating sewage permitting process); *Martin v. Houston*, 196 F. Supp. 3d 1258, 1263–64 (M.D. Ala. 2016) (summarized by Plaintiff as holding that "city's application of a state law restricting where sex offenders could live" amounted to implementation of land use regulation).

Here, on the other hand, the United States does not point to "a law" that has allegedly been applied in violation of RLUIPA. Instead, it refers to a list of "collective and repeated efforts," ranging from a letter from the Mayor, to negotiations regarding voluntary compliance with the conditional use permitting process, to the filing of the City's nuisance action. Dkt. 15, p. 12. The United States cites no authority holding that "collective and repeated efforts" – none of which involves the application of a specific law to a specific property – can amount to a "land use regulation" for purposes of RLUIPA. The United States' reliance on *Fortress Bible Church* is misplaced; the Second Circuit held in that case that *"in its Town Code,"* the defendant had intertwined the state regulatory review process at issue – which did not meet the RLUIPA definition of a land use regulation – with its zoning regulations, which obviously did. *Fortress Bible Church v. Feiner*, 694 F.3d 208, 216 (2d Cir. 2012) (emphasis supplied). The *Fortress Bible Church* case involved the straightforward application of the municipality's own written

zoning regulations to the plaintiff's property. *Id.* at 217 (noting that section of municipal code entitled "land use" explicitly incorporated, and required compliance with, environmental regulations at issue).

The United States has not cited any authority establishing that the filing of a state-court nuisance action may amount to the "imposition or implementation of a land use regulation" for RLUIPA purposes under *any* circumstances – let alone the specific circumstances pleaded here. It is undisputed that there is no permitting decision at issue; the Well has not applied for, and the City has not denied (or required) a conditional use permit. The City brought a separate state law action based on non-zoning considerations, and dismissal would be appropriate even if the Court determined that an exercise of its discretion to entertain this action is warranted.

### III.     *The United States fails to allege a substantial burden on religious exercise.*

Even if the Court accepts the United States' broad theory that the City's actions somehow amount to a "land use regulation," its RLUIPA claim still fails because the complaint does not plausibly allege a "substantial burden" on religious exercise. As the Eleventh Circuit explained in *Midrash Sephardi, Inc. v. Town of Surfside*, 366 F.3d 1214, 1227 (11th Cir. 2004), a substantial burden exists only when a land use restriction places "significant pressure which directly coerces the religious adherent to conform his or her behavior accordingly."

Here, there is no allegation that the Well is barred from operating altogether or from engaging in religious practices. In fact, the Well continues to operate. Unlike in

*Thai Meditation Ass'n v. City of Mobile*, 980 F.3d 821 (11th Cir. 2020), there is no indication here that the City used zoning laws to stymie religious exercise under color of administrative delay or bad faith. Instead, the City exercised its police powers to address legitimate concerns of safety and public order. The United States points to statements by City officials allegedly suggesting hostility toward the Well's "religious leader." Dkt. 15, p. 4. Pretermitting the fact that this allegation suggests, at most, an objection to the involvement of a specific person rather than any criticism of the religious mission of the Well, isolated comments cannot transform a nuisance action into a violation of federal law. The factual allegations fail to show that the Well's ability to engage in religious exercise has been substantially impaired.

The United States complains that the City requested that FaithWorks apply for a conditional use permit or operate elsewhere in the city. These suggestions do not constitute coercion, let alone a substantial burden. *Midrash Sephardi*, 366 F.3d at 1227. The United States argues that *Midrash Sephardi* is inapposite because it did not involve a situation "where a religious organization's use of a property pre-existed a new land use regulation but the organization was nevertheless forced to comply with the new ordinance." Dkt. 15, p. 17. But neither does this case. The claim that the Well has been "forced to comply with the new ordinance" is demonstrably incorrect. Dkt. 15, p. 17. As the United States acknowledges elsewhere in its brief, the City "agree[s] that The Well is not required to apply for a CUP under Ordinance 1078" but has indicated that obtaining

a CUP "would be sufficient, although not necessary, for The Well to continue operating." *Id.*, pp. 15-16.

Neither a suit seeking to abate a nuisance, nor an indication that voluntary compliance with a conditional permitting process would be sufficient to abate the nuisance, is a substantial burden on religious exercise. For this third reason, dismissal of the complaint in its entirety is proper.

## Conclusion

The United States' attempt to recast a valid state nuisance action as a federal land use dispute under RLUIPA fails on both legal and factual grounds. The complaint does not establish that the City imposed a "land use regulation," nor does it allege a "substantial burden" as required under the statute. Moreover, the requested relief would improperly interfere with pre-existing state court proceedings and upend principles of comity and restraint. For these reasons, Defendant respectfully requests that the Court dismiss Plaintiff's complaint with prejudice.

Respectfully submitted, this first day of May, 2025.

/s/ Richard K. Strickland
Richard K. Strickland
Georgia Bar No. 687830

/s/ Emily R. Hancock
Emily R. Hancock
Georgia Bar No. 115145
BROWN, READDICK, BUMGARTNER,

CARTER, STRICKLAND & WATKINS, LLP
5 Glynn Avenue (31520)
Post Office Box 220
Brunswick, GA 31521
(912) 264-8544
(912) 264-9667 FAX
rstrickland@brbcsw.com
ehancock@brbcsw.com

**ATTORNEYS FOR DEFENDANT**