IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 224-144 |
| | ) | |
| CITY OF BRUNSWICK, GEORGIA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER SETTING MEDIATION**

By request of the parties, the Court hereby schedules a mediation before the undersigned on <u>Wednesday, July 30, 2025, at 9:00 a.m.</u>, and <u>Thursday, July 31, 2025, at 9:00 a.m.</u>, at the Frank M. Scarlett Federal Building, 801 Gloucester Street, Brunswick, Georgia. A party representative with full settlement authority shall participate. If any party is insured for the claims at issue, a representative of the insurer with full settlement authority shall also participate. Parties appearing in person may bring cell phones, laptops, and tablets. The parties should clear their schedules for both days and be prepared to continue into the evening if needed.

Mediation conferences are often unproductive unless the parties have exchanged demands and offers before the conference and have made a serious effort to settle the case on their own. Before arriving at the mediation, the parties are to negotiate and make a good faith effort to settle the case without involvement of the Court. Specific proposals and counter proposals shall be made.

Each party shall submit, in confidence, a concise statement of the evidence the party expects to produce at trial to the undersigned via email to Courtnay_Capps@gas.uscourts.gov by 12:00 p.m. on <u>Friday, July 18, 2025</u>. The statements should include analysis of the strengths and weaknesses of the case and outline the settlement negotiations to date. The statements should also include the name of each participant, title, and whether attendance is in-person or

online. The statement is not to exceed ten typed pages, double-spaced.

The mediation will be conducted in such a manner as to not prejudice any party in the event settlement is not reached. To that end, all matters communicated to the undersigned in confidence will be kept confidential and will not be disclosed to any other party. The parties agree, by participating in the settlement conference, that any statements made or presented during the conference are confidential and may not be used as evidence in any subsequent administrative or judicial proceedings. However, the undersigned will share the results of mediation with the presiding District Judge, including in the event of an unsuccessful mediation the last offers of the parties, the resulting gap mediation could not bridge, and the undersigned's assessment of whether additional mediation efforts may be successful.

The parties, through counsel, should be prepared to begin the mediation with a brief presentation outlining the factual and legal highlights of the case. Separate, confidential caucuses will then be held with each party. Attached is an outline counsel may want to review with the client prior to the mediation.

Upon successful conclusion of the mediation, the Court will require the parties to execute the attached settlement term sheet. The parties may download a fillable PDF version at https://www.gasd.uscourts.gov/judge-epps-civil-cases.

SO ORDERED this 26th day of June, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

## **SETTLEMENT CONFERENCE PREPARATION**

Experience shows that in negotiations the party who is best prepared usually obtains the best result. Settlement conferences are more efficient if all parties and counsel are prepared. Consider the following points, some of which may not apply, to aid in the effectiveness of your settlement conference.

A.     FORMAT

       1.     Parties with ultimate settlement authority must be personally present. If this is not possible, you must notify the judge in advance and discuss the alternatives.

       2.     The Court will use a mediation format, and private caucusing with each side; the judge may address your client directly. The judge will not meet with parties separate from counsel.

B.     ISSUES

       1.     What issues (in and outside of this lawsuit) need to be resolved? What are the strengths and weaknesses of each issue? What is your most persuasive argument?

       2.     What remedies are available resulting from this litigation? From a settlement?

       3.     Is there any ancillary litigation pending or planned which affects case value? What about liens?

       4.     Do you have enough information to value the case? If not, how are you going to get more information before the conference?

       5.     Do attorney's fees or other expenses affect settlement? Have you communicated this to the other side?

       6.     Is Defendant and/or its carrier solvent?

C.     AUTHORITY

       1.     Are there outstanding liens? Have you verified amounts and whether they are negotiable? Do we need to include a representative of the lien holder? If so, contact the judge and a notice of the settlement conference will be sent.

       2.     Is there valid insurance coverage? In what amount? If coverage is at issue, or the amount/type affects settlement value, have you notified the other side? Do we need to include the representative from more than one company/carrier?

D.  NEGOTIATIONS

    1.  Where did your last discussion end?

    2.  Discuss settlement with the opposing parties before the mediation to make it proceed more efficiently. At least one offer and response is required.

    3.  What value do you want to start with? Why? Have you discussed this with your client?

    4.  What value do you want to end with? Why? Have you discussed this with your client? It is significantly different from values you have placed on this case at other times? Does your client understand why?

    5.  Is there confidential information which affects case value? Why can't/won't/shouldn't it be disclosed? How can the other side be persuaded to change value if it doesn't have this information?

    6.  What happens if you don't settle the case at the conference? What is your best alternative to a negotiated settlement? Why? What might change the outcome of the settlement conference? Pending motions, discovery, expert's report, etc.

E.  CLOSING

    1.  Have you discussed settlement formats with your client? Does the client understand structured settlements, annuities, Rule 68 offers of judgment?

    2.  How soon could checks/closing documents be received?

    3.  If settlement is not reached, and further discovery is needed, what is your plan for continuing settlement discussions? Do you want the Court involved in these talks?

    4.  If settlement is not reached, be prepared to discuss it again at the pretrial conference.

# **SETTLEMENT TERM SHEET**

**CASE NAME:**_____

**CIVIL ACTION NO**:_____

1. **CONSIDERATION**

    Amount:_____  Due Date: Specify in § 5

    Made Payable To:_____

    Payment From:_____

    Form of Payment:     \_\_Trust Account Check     \_\_Certified or Cashier's Check

    \_\_Wire     \_\_Other_____

    Payment Terms, if any:_____

    _____

    Are there any third party liens to be paid out of settlement:
    \_\_\_No     \_\_\_Yes: Lienholder and amount to be paid:_____

2. **ADDITIONAL SETTLEMENT TERMS, IF ANY**:_____

    _____

3. **ADMISSION OF LIABILITY AND SCOPE OF RELEASE(S)**

    Admission of Liability?     \_\_\_\_Yes     \_\_\_\_ No

    **Scope of Released Parties:**

    \_\_\_ Release of Defendant(s) Only *(including, for corporate defendants, all parents, subsidiaries, affiliates, officers, directors, employees, agents, and attorneys)*

    \_\_\_Global Release of All Parties - Plaintiff(s) and Defendant(s) *(including, for corporate defendants, all parents, subsidiaries, affiliates, officers, directors, employees, agents, and attorneys)*

    \_\_\_ Other:    _____

**Scope of Released Claims:**

    \_\_\_ Limited: All claims arising out of the same transaction or occurrence as the subject matter of the civil action, whether asserted or unasserted

    \_\_\_ Global: All claims of any nature regardless of whether they arise out of the same transaction or occurrence as the subject matter of the civil action, whether asserted or unasserted

    \_\_\_ Other:_____

4. **CONFIDENTIALITY**

    Are Settlement Terms Confidential?   \_\_\_\_\_ Yes   \_\_\_\_\_ No

    If Confidential, What Can be Said Publicly?

        \_\_\_ Dispute Amicably Resolved
        \_\_\_ Nothing
        \_\_\_ Other_____

    Exceptions to Confidentiality:

        \_\_\_ Attorneys, Tax Advisors
        \_\_\_ Immediate Family Members
        \_\_\_ As Otherwise Required by Law
        \_\_\_ Other:_____

5. **SCHEDULE**

    Formal Agreement to be Prepared by: _____

    And Sent to Other Parties on or Before: _____

    Other Parties to Respond on or Before: _____

    Final Agreement Signed on or Before: _____

    Payment Issued on or Before: _____

    Dismissal Filed on or Before: _____

6. **EFFECTIVE DATE AND SETTLEMENT AUTHORITY**

This agreement is binding immediately and not contingent upon execution of a formal settlement agreement.

 Each party representative affirms by signing below full authority to enter into this settlement on behalf of the party.

AGREED TO THIS _____ DAY OF _____, 20\_\_\_\_.

[signatures on following page]

| | |
|---|---|
| **PLAINTIFF** | **COUNSEL FOR PLAINTIFF** |
| _____ | _____ |
| Signature | Signature |
| _____ | _____ |
| Print Name/Title | Print Name |

**PLAINTIFF**                                    **COUNSEL FOR PLAINTIFF**

_____                       _____
Signature                                         Signature

_____                       _____
Print Name/Title                                  Print Name

**DEFENDANT**                                    **COUNSEL FOR DEFENDANT**

_____                       _____
Signature                                         Signature

_____                       _____
Print Name/Title                                  Print Name

**DEFENDANT**                                    **COUNSEL FOR DEFENDANT**

_____                       _____
Signature                                         Signature

_____                       _____
Print Name/Title                                  Print Name

**DEFENDANT**                                    **COUNSEL FOR DEFENDANT**

_____                       _____
Signature                                         Signature

_____                       _____
Print Name/Title                                  Print Name