**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:24-cv-00144 |
| ) | |
| **CITY OF BRUNSWICK,** ) | |
| **GEORGIA** ) | |
| ) | |
| Defendant. ) | |

**JOINT MOTION TO DISMISS**

On December 16, 2024, Plaintiff the United States of America filed a Complaint against Defendant the City of Brunswick, Georgia, (together, the "Parties"), alleging a violation of the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C §§ 2000cc-5, *et seq*. On September 5, 2025, the Parties executed an agreement on the terms of a resolution in this matter, as set forth in Exhibit A (the "Settlement Agreement").

Consistent with the terms of the Settlement Agreement, the Parties respectfully move the Court to dismiss this action with prejudice under Federal Rule of Civil Procedure 41(a)(2).

**For Plaintiff the United States:**

Dated: September 18, 2025

| | |
|---|---|
| MARGARET E. HEAP<br>United States Attorney | HARMEET K. DHILLON<br>Assistant Attorney General<br><br>MICHAEL E. GATES<br>Deputy Assistant Attorney General<br><br>CARRIE PAGNUCCO<br>Chief |
| */s/ Bradford C. Patrick*<br>BRADFORD C. PATRICK<br>Assistant United States Attorney<br>South Carolina Bar No. 102092<br>PO Box 8970<br>Savannah, GA 31401<br>Phone: (912) 652-4422<br>Fax: (912) 652-4427<br>Bradford.Patrick@usdoj.gov | */s/ Ameya S. Ananth*<br>TIMOTHY J. MORAN<br>Deputy Chief<br>AMEYA S. ANANTH<br>NOAH D. SACKS<br>Trial Attorneys<br>U.S. Department of Justice<br>Civil Rights Division<br>Housing & Civil Enforcement Section<br>950 Pennsylvania Ave. NW – 4CON<br>Washington, DC 20530<br>Phone: (202) 514-4713<br>Fax: (202) 514-1116<br>Ameya.Ananth@usdoj.gov<br>Noah.Sacks@usdoj.gov |

*Counsel for the United States*

**For Defendant the City of Brunswick, Georgia:**

*/s/ Brian D. Corry*
BRIAN D. CORRY
McQUIGG, SMITH & CORRY, LLC
1612 Newcastle Street, Suite 211
Brunswick, GA 31520
(912) 638-1174
brian@mwsclawga.com

*Counsel for the City of Brunswick*

# Exhibit A

*United States v. City of Brunswick*, No. 2:24-cv-0144

**Settlement Agreement between the United States of America and the City of Brunswick, Georgia**

## I.   INTRODUCTION

1. This Settlement Agreement is entered into by and between Plaintiff the United States of America ("United States") and Defendant the City of Brunswick, Georgia ("the City") (collectively, "the Parties"), through their authorized representatives.

2. This Settlement Agreement ("Agreement") resolves the Complaint filed by the United States against the City on December 16, 2024, in the United States District Court for the Southern District of Georgia ("the Court"), *United States v. City of Brunswick*, 2:24-cv-0144 (DGW) (ECF No. 1). In the Complaint, the United States alleged that the City violated the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc-5, *et seq*, in its efforts to shut down The Well, a daytime resource center for those experiencing homelessness, operated as an expression of Christian faith by Southeastern Educational Services, Inc., and located in downtown Brunswick.

3. To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation, and in consideration of the mutual promises and obligations, the Parties agree to the terms and conditions set forth herein in this Agreement.

4. The City denies the United States' allegations. By executing this Agreement, the City does not admit liability.

1

## II. TERMS AND CONDITIONS

A. **Dismissal of Nuisance Lawsuit**

5. Within seven (7) days of the effective date of this Agreement, the City will dismiss, with prejudice, its Glynn County Superior Court lawsuit against Southeastern Educational Services, Inc.: *City of Brunswick, Georgia v. Southeastern Educational Services, Inc.*, No. CE23-00918 (filed July 21, 2023) ("Nuisance Action").

6. Contemporaneously with the execution of this Agreement, the parties to the Nuisance Action have executed a settlement agreement providing for the dismissal referenced above as well as the dismissal of the Counterclaims filed by Southeastern Educational Services, Inc.

7. Within fourteen (14) days of the City providing the United States written notice that the Nuisance Action and counterclaims have been dismissed with prejudice, the United States will submit a motion to the Court requesting the dismissal of the Complaint pursuant to Fed. R. Civ. P. 41(a)(2) and will attach a copy of this Settlement Agreement.

B. **Notice of Settlement Agreement**

8. Within thirty (30) days of the effective date of this Agreement, The City will publish on its website, https://www.brunswickga.org/, either this Agreement or a Notice indicating that the City reached a settlement with the United States in this RLUIPA lawsuit with a link to this Agreement.

9. Notice, along with a copy of the Agreement, should be sent to any City employee, staff, agent, manager, or official, including a City Commissioner, who works on land use, planning, and zoning issues within sixty (60) days of the effective date of this Agreement, and

within thirty (30) days of any new covered individual joining the office within the period of the Agreement.

**C.     Complaint Form**

10.     Alongside the website Notice (¶ 8), the City will include a link to its general complaint forms, with a written note that any complaints alleging a violation of RLUIPA (including any complaint concerning the imposition of land use regulation against a religious assembly or institution) may be submitted through this form and will be processed through the City's existing complaint procedure, and with a clear indication of where the complaints can be submitted electronically, within sixty (60) days of the effective date of this Agreement.

11.     Within sixty (60) days of the submission of any complaints described above, the City shall send the complaint, the identity and known contact information of the person submitting the complaint, a description of the current status of the complaint, and all documents reflecting the resolution, if any, of such complaint, via email to counsel for the United States.

**D.     RLUIPA Training**

12.     The City agrees that, within ninety (90) days of the effective date of this Agreement, all City Commissioners, including the Mayor, shall attend one live, interactive, educational training concerning the substantive provisions of RLUIPA, including the requirements of RLUIPA relating to enactment, implementation, and enforcement of the City's zoning and land use regulations, as well as the responsibilities under this Agreement.

13.     Such training shall be at least one hour in duration and shall be conducted by a qualified, independent person or organization—not related to or associated with the City or the City's attorneys—with experience in providing training on civil rights issues, upon the United States' approval of the trainer and training content. The training shall either be re-offered or

video recorded and played for any Mayors or City Commissioners who are newly elected within the three-year term of this Agreement. Upon completion of training, the City shall advise the United States in writing that training has been completed.

E.      **Reporting Requirements**

14.     Within one year of the date of the signing of this Agreement, and every year thereafter, the City shall submit, via email to attorneys for the United States, a report or reports evidencing compliance with this Agreement ("Compliance Report").[1]

15.     Each Compliance Report shall contain the following information or documents covering the previous reporting period, or otherwise not previously provided:

> a. Documentation reflecting the Notice and Agreement published on the City's website and circulated to covered City employees, staff, agents, employees, or officials, including their names and titles, as well as any new individuals who become covered employees by way of hiring or changing roles, in accordance with ¶¶ 8–9;
>
> b. Documentation reflecting the publication of the City's complaint form and notice of the complaint review procedure on the City's website, in accordance with ¶ 10; and
>
> All documents reflecting training attendance, in accordance with ¶¶ 12–13.

F.      **Duration, Execution, and Other Terms**

16.     This Agreement is effective on the date of the last signature to the Agreement. This Agreement may be executed in multiple counterparts, each of which together shall be

---

[1] For purposes of this Settlement Agreement, all submissions to the United States shall be sent via email to the United States' counsel, as instructed by the United States' counsel.

4

considered an original but all of which shall constitute one agreement. Copies of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

17. The duration of the Agreement shall be three (3) years from the effective date of the Agreement.

18. Each Party shall bear its own legal or other costs incurred in connection with this matter, including for the preparation, negotiation, and performance of this Agreement.

19. This Agreement constitutes the complete agreement among the Parties. No prior or contemporaneous communications, oral or written, or prior drafts shall be relevant or admissible for purposes of determining the meaning of any provision herein or in any other proceeding.

20. Each Party and signatory to this Agreement represents that it freely and voluntarily enters into this Agreement without any degree of duress or compulsion. The Parties agree that each Party and its representatives have acted consistently with the duty of good faith and fair dealing.

21. The undersigned represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

22. This Agreement is binding on the Parties and their transferees, successors, heirs and assigns.

23. This Agreement is governed by and shall be interpreted under the laws of the United States. For purposes of construing or interpreting this Agreement, it shall be deemed to have been drafted by all Parties and shall not be construed or interpreted against any Party for that reason in any subsequent dispute.

24. Except where this Agreement expressly conditions or predicates performance of a duty or obligation upon the performance of a duty or obligation by another Party, the performance of one Party's duties or obligations under this Agreement shall not be discharged or excused by the actual or alleged breach of the duties or obligations by another Party.

25. This Agreement is a public document. The Parties agree and consent to the United States' disclosure of this Agreement and information concerning this Agreement to the public.

26. The Parties agree that they will defend this Agreement against any challenge by any third party. In the event that this Agreement or any of its terms are challenged in a court other than the United States District Court for the Southern District of Georgia, the Parties agree that they will seek removal and/or transfer to the Southern District of Georgia.

27. The Parties shall endeavor in good faith to resolve informally any differences regarding the interpretation of, and compliance with, this Agreement prior to initiating court action. However, in the event the United States contends that there has been a failure by City, whether willful or otherwise, to perform in a timely manner any act required by this Agreement or otherwise comply with any provision thereof, the United States may bring a civil action for breach of this Agreement, or any provision thereof, in the United States District Court for the Southern District of Georgia. That Court shall serve as the exclusive jurisdiction and venue for any dispute concerning this Agreement. The Parties consent to and agree not to contest the jurisdiction of that Court. The Parties further acknowledge that venue in that Court is appropriate and agree not to raise any challenge on this basis.

28. This Agreement may be modified only with the written consent of the Parties. Any modification must be in writing and signed by the Parties through their authorized representatives.

**For Plaintiff the United States:**

Dated: 9/5/25

| | |
|---|---|
| MARGARET E. HEAP<br>United States Attorney | MICHAEL E. GATES<br>Deputy Assistant Attorney General<br><br>CARRIE PAGNUCCO<br>Chief |
| *[signature]*<br>BRADFORD C. PATRICK<br>Assistant United States Attorney<br>South Carolina Bar No. 102092<br>22 Barnard Street, Suite 300<br>Savannah, GA 31401<br>Phone: (912) 652-4422<br>Fax: (912) 652-4427<br>Bradford.Patrick@usdoj.gov | *[signature]*<br>TIMOTHY J. MORAN<br>Deputy Chief<br>AMEYA S. ANANTH<br>NOAH D. SACKS<br>Trial Attorneys<br>U.S. Department of Justice<br>Civil Rights Division<br>Housing & Civil Enforcement Section<br>950 Pennsylvania Ave. NW – 4CON<br>Washington, DC 20530<br>Phone: (202) 514-4713<br>Fax: (202) 514-1116<br>Ameya.Ananth@usdoj.gov<br>Noah.Sacks@usdoj.gov<br><br>*Counsel for the United States* |

**For Defendant the City of Brunswick, Georgia:**

By: *[signature]*
Brian Corry, Brunswick City Attorney

Dated: 9/3/25

7